# EXHIBIT A

Filed: 4/28/2017 1:33:30 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Shelley Rodriguez, Deputy

NO. _____ DC-C201700252 **COPY**

| | | |
|---|---|---|
| **KEITH LEWIS** | § | |
| | § | IN THE DISTRICT COURT |
| vs. | § | |
| | § | JOHNSON COUNTY, TEXAS |
| **ALLSTATE VEHICLE AND PROPERTY** | § | Johnson County - 18th District Court |
| **INSURANCE COMPANY** | § | _____ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISLOSURE, AND REQUEST FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, **KEITH LEWIS**, who files this lawsuit complaining of Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, and for cause of action would respectfully show the Court as follows:

## Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2, and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $ 100,000.

## Relief

2. Plaintiff seeks only monetary relief over $ 100,000, but not more than $ 200,000.

## Parties

3. Plaintiff, **KEITH LEWIS**, is an individual residing at 304 SE Robert Street, Burleson, Johnson County, Texas 76028.

4. Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, is a foreign insurance carrier organized and existing under the laws of Illinois and authorized to conduct insurance business in the state of Texas, and who may be served with process by serving its registered agent of service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## Jurisdiction

5. This Court has jurisdiction over the subject matter of this lawsuit because the damages are within the jurisdictional limits of this Court.

6. The Court has jurisdiction over the Defendant in this suit because Defendant has engaged in the business of insurance, authorized by the Texas Department of Insurance, in this state.

### Venue

7. Venue is proper in Johnson County, Texas, because this claim arises from a policy of insurance covering a dwelling located in Johnson County, Texas.

### Facts

8. Plaintiff, **KEITH LEWIS**, owns a home at 304 SE Robert Street, Burleson, Texas 76028-5323, which he purchased, with his wife, Diane Lewis, from his mother, Barbara Lewis on or about February 14, 2014.

9. Plaintiff purchased homeowner's insurance from Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, through their agent, Gregory French, effective February 14, 2014.

10. On or about December 17, 2016, a storm, producing hail and high winds, damaged the roof of Plaintiff's insured home.

11. Plaintiff made a claim on his homeowner's policy issued through Defendant. Defendant has denied the claim alleging that the damage on Plaintiff's roof was pre-existing back to a roof-damage claim from 2011, almost 5 years before Plaintiff purchased the property and insurance policy at issue.

12. At the time Plaintiff purchased the insurance policy from Defendant, Defendant had its agents and/or representatives inspect the roof and found no damage to the roof. The insurance policy purchased by Plaintiff does not provide any restrictions, endorsements, or riders excluding coverage to the roof of Plaintiff's home.

### Failure to Pay Claim

13. Plaintiff was an insured and named policy holder under a contract for homeowner's insurance issued by Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, described as policy number 829 474 478. The policy was originally purchased on February 14, 2014 and was effective through February 14, 2015. The policy was renewed for an effective period of February 14, 2015 through February 14, 2016, and renewed again for an effective period of February 14, 2016 through February 14, 2017. The last renewal described is the policy period effective for this claim which occurred on or about December 17, 2016.

14. Defendant is a company authorized by the Texas Department of Insurance to provide homeowner's insurance to consumers in the State of Texas. Defendant is an authorized fire and casualty insurance company as described by TEX. INS. CODE § 542.052(3), (4).

15. Plaintiff suffered a loss covered by the policy and gave proper notice to Defendant of Plaintiff's claim on or about December 21, 2016. Defendant acknowledged the claim and sent a representative to inspect the roof damage to the dwelling on December 29, 2016.

16. Defendant denied the claim alleging that the damage to the roof was the result of a prior claim submitted by previous owners of the home, referencing a claim number with a date of loss of July 29, 2011.

17. Defendant wrongfully denied the claim. Plaintiff purchased a policy of insurance from Defendant and Defendant's representatives inspected the roof on February 12, 2014, making pictures of the roof, prior to the issuance of the insurance policy in dispute. The inspector found no hazards or notable conditions present. Defendant issued Plaintiff the homeowner's policy without any exceptions to coverage on the roof. Defendant did not advise Plaintiff that the roof had prior damage and that, until repaired, no coverage would be provided to Plaintiff for future roof damage. In fact, Defendant's inspectors found no evidence of any hazard or condition on the roof exempting coverage. Plaintiff has lived in the home for over 2 years prior the damage claim, without issue from the roof. The storm on December 17, 2016, caused damage to several homes in and around the area of Plaintiff's home, and since that storm, Plaintiff's roof has leaked with noticeable damage to the roofing material. Comparing pictures taken by the insurance inspector on February 12, 2014 with the pictures from the storm damage of December 17, 2016 show substantial difference and damage to the roof.

18. Defendant continued to accept insurance premiums timely paid by Plaintiff for coverage to Plaintiff's home, expecting Defendant to provide coverage to Plaintiff's roof in the event of storm damage. Once Plaintiff incurred storm damage, Defendant denied coverage alleging the roof was damaged or defective prior to the issuance of the insurance policy to Plaintiff and therefore no coverage would be afforded to the roof of Plaintiff's home.

19. The alleged prior claim raised by Defendant was a claim issued under an insurance policy to Plaintiff's parents, Leo Lewis (who is now deceased) and Barbara Lewis, while they lived in the property. The insurance carrier was Allstate, the same carrier or company of carriers which insures Plaintiff. Further, Plaintiff's parents moved out of the property in August 2012, and purchased another insurance policy covering the property as a landlord, since they were leasing the property to tenants from that point forward. This landlord policy was issued by Allstate, the same carrier or company of carriers which insures Plaintiff. Prior to the issuance of the landlord policy, Defendant and/or its agents, inspected the property for insurability and no exceptions or exclusions pertaining to the roof were noted on the new landlord policy as well.

20. Allstate has insured this property since as early as 2011, and perhaps even longer. Allstate has paid one claim for hail damage on the roof for damage incurred on July 29, 2011. Since that time, Allstate has inspected the roof on at least 2 occasions prior to issuing a policy of insurance to Plaintiff. Neither of those inspections noted any damage to the roof. Allstate was aware of prior damage and had the specific opportunity to confirm that the repairs to the roof were in fact made prior to issuing new insurance policies and collecting premiums from insureds with the expectation their dwelling would be covered.

21. Allstate has breached its duty to timely pay Plaintiff's claim by failing to pay the claim after wrongfully rejecting the claim, for the reasons above stated.

22. Defendant's breach of duty caused injury to Plaintiff, which resulted in damages. Specifically, the estimated cost of repair to the roof was $ 11,250.00. In addition, Plaintiff

continues to incur damages as additional rain and wind storms have allowed more water to leak into Plaintiff's dwelling causing additional damages, despite Plaintiff's best efforts at mitigation.

23. <u>Actual Damages.</u> Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

24. <u>Statutory Damages.</u> Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code, Section 542.060(a), statutory damages of 18% of the amount of the claim.

25. <u>Attorney's Fees.</u> Plaintiff is entitled to recovery reasonable attorney fees under Texas Insurance Code, Section 542.060(b), through trial and appeal if necessary.

**Breach of Contract**

26. In the alternative, Defendant breached its contract with Plaintiff. Based upon the facts and allegations above stated, Defendant materially breached the contract of insurance by refusing to pay for the damages to Plaintiff's roof from storm damage incurred on or about December 17, 2016. Defendant accepted insurance premiums and issued statements and declarations that Plaintiff's dwelling, including its roof, was a covered structure. Once damaged by storms in 2016, Defendant then alleged that no coverage was available because of alleged damage from 2011. Defendant's conduct constitutes a breach of contract for which Plaintiff seeks damages within the jurisdictional limits of this court, as well as attorney's fees and costs as allowed by Chapter 38 of the Texas Civil Practice and Remedies Code.

**Bad Faith**

27. In addition, Plaintiff was an insured under an insurance contract issued by Defendant, which gave rise to a duty of good faith and fair dealing.

28. Defendant breached the duty of good faith and fair dealing by denying payment of a covered claim when Defendant knew or should have known its liability was reasonably clear. Specifically, Defendant was aware of the history of the roof of Plaintiff's dwelling. Defendant had previously paid a claim for hail damage to the roof in 2011. Since paying the claim, Defendant, by and through its representatives, have had an opportunity to inspect the roof for repairs and/or damage on at least 2 occasions since paying that claim in 2011. At no time did Defendant ever give notice to its insured that the inspection revealed prior un-repaired roof damage which would exclude or limit coverage in the future for damage to the roof. Instead, Allstate issued new policies of insurance (one to Leo and Barbara Lewis for landlord coverage and one to Plaintiff for homeowners coverage) and collected full premiums on the policies with representations to Plaintiff that the roof was covered under the policy. Defendant is apparently mis-using its knowledge of the history of Plaintiff's roof gained through prior insurance policies to avoid payment of a claim that should be paid under the policy of insurance Plaintiff purchased through payment of premiums to Defendant.

29. If Defendant knew that damage from a prior claim of a prior homeowner was not repaired, thus impacting insurability of the roof, Defendant's duty of good faith and fair dealing required that Defendant disclose such knowledge to Plaintiff *prior* to taking the full insurance premiums (without discount for roof exclusions) for coverage to the dwelling, including its roof.

30. Defendant's breach of the duty of good faith and fair dealing caused injury to Plaintiff. Plaintiff had no way to protect himself from the harm caused by storm damage by either making repairs himself or requiring prior homeowners to repair the roof damage prior to purchase of the home (at original purchase of the homeowner's insurance).

31. <u>Actual Damages.</u> Plaintiff seeks damages within the jurisdictional limits of this Court.

32. <u>Exemplary Damages.</u> Plaintiff suffered injury independent of the loss of policy benefits and that injury resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code, Section 41.003(a).

**Conditions Precedent**

33. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

**Request for Disclosure**

34. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

**Request for Production**

35. Under Texas Rule of Civil Procedure 196, Plaintiff requests that Defendant produce the item or category of items described below, to Plaintiff at the offices of The Groce Firm PLLC, 8201 Mid Cities Boulevard, Suite 200, North Richland Hills, Texas, within 50 days of the service of this request. Your response should comply with Texas Rule of Civil Procedure 196. You are requested to produce the following:

    a. Any photographs, video, or other visual images of the roof at 304 SE Robert Street, Burleson, Texas, arising from a date of loss of July 29, 2011.

    b. Any photographs, video, or other visual images of the roof of 304 SE Robert Street, Burleson, Texas, taken on or after July 29, 2011, through present.

    c. Any reports of inspections conducted of the roof or dwelling at 304 SE Robert Street, Burleson, Texas from July 1, 2011 through present.

    d. Any reports of an inspection conducted of the roof or dwelling at 304 SE Robert Street, Burleson, Texas performed on February 2, 2014, by inspector number 01411 of CIS Vender Interface.

  e. Any reports of an inspection conducted prior to the issuance of policy number 816 654 993 from Allstate to Leo Lewis and Barbara Lewis effective on or about September 9, 2012.

  f. Correspondence, writings or documents delivered by Defendant to Plaintiff concerning the condition of the roof at 304 SE Robert Street, Burleson, Texas, prior to December 17, 2016.

## Prayer

36. For these reasons, Plaintiff asks the Court to issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

  a. Actual damages as requested in this petition.

  b. Statutory damages as requested in this petition.

  c. Exemplary damages as requested in this petition.

  d. Prejudgment and postjudgment interest at the highest rate allowed by law.

  e. Court costs.

  f. Attorney's fees.

  g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**THE GROCE FIRM PLLC**
8201 Mid Cities Boulevard, Suite 200
North Richland Hills, Texas 76182
Tel: 817-581-0040
Fax: 817-581-0048

By: *[signature]*
JOHN M. GROCE, JR.   Bar No. 00793860
Email: johnjr@groceandgroce.com

**ATTORNEYS FOR PLAINTIFF**

# State of Texas

| | |
|---|---|
| 18TH DISTRICT COURT | JOHNSON COUNTY, TEXAS |
| DISTRICT CLERK | ATTORNEY FOR PLAINTIFF(S) |
| DAVID R. LLOYD<br>GUINN JUSTICE CENTER<br>P.O. BOX 495<br>CLEBURNE, TEXAS 76033 | JOHN M. GROCE<br>8201 MID CITIES BOULEVARD<br>SUITE 200<br>N RICHLAND HILLS, TEXAS 76182 |



COPY

============================================================
C I T A T I O N   -   C I V I L
============================================================

(PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND REQUEST FOR PRODUCTION)
CAUSE NO. DC-C201700252

NOTICE TO DEFENDANT:

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER THE SERVICE DATE OF THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE
    COMPANY
    % CT CORPORATION SYSTEM
    1999 BRYAN STREET
    SUITE 900
    DALLAS, TEXAS 75201-3136

DEFENDANT - GREETINGS:

You are hereby commanded to appear by filing a written answer to the plaintiff's **ORIGINAL** petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days after the service date of this citation and petition before the Honorable **18TH DISTRICT COURT** of Johnson County, Cleburne, Texas.

Said **ORIGINAL** petition was filed in said court on the **28TH DAY OF APRIL, 2017**, in this cause numbered **DC-C201700252**, on the docket of said court, and styled:

**KEITH LEWIS   VS.   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

The nature of this demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office in Cleburne, Texas, this **28TH DAY OF APRIL, 2017**.

DAVID R. LLOYD - DISTRICT CLERK
18TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

BY _Shelley Rodriguez_ DEPUTY

**OFFICER'S / AUTHORIZED PERSON'S RETURN**

CAUSE NO. <u>DC-C201700252</u>

Came to hand the _____ day of _____, _____, at _____ o'clock ____.m., and executed in _____ County, Texas, on the _____ day of _____, _____, at _____ o'clock ____.m., by delivering to the within-named _____, in person, a true copy of this citation, with an accompanying copy of the petition, having first attached such copy of petition to such copy of citation and endorsed on such copy of citation the date of delivery.

FEES:
Serving Writ: $_____

Sher./Const./Auth. Person

_____ County, Texas

By _____ Deputy

SUBSCRIBED AND SWORN TO by _____, before me, the undersigned authority, this _____ day of _____, _____.

Notary Public (State of Texas)         Notary Public (Printed Name)

Commission Expiration: _____